# FEDERAL COMPLAINT – 42 U.S.C. § 1983

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL CHANG,
Plaintiff, Pro Se,

v.

TOWNSHIP OF LITTLE FALLS;
JAMES BELFORD DAMIANO, individually and in his official capacity
as Mayor;
BRYAN PRALL, individually and in his official capacity as Chief of
Police;
CYNTHIA KRAUS, individually and in her official capacity as
Township Clerk;
DONALD WARNET, individually and in his official capacity as Code
Enforcement Officer;
JAMES DIMARIA, individually and in his official capacity as Zoning
Official;
and JOHN DOES 1–10 (unknown Township officials),

Defendants.

Sat, Jul 11, 2026 at
11:28 AM

CIVIL RIGHTS COMPLAINT
42 U.S.C. § 1983
JURY TRIAL DEMANDED

---

## I. INTRODUCTION AND PROCEDURAL HISTORY

1. This is a civil rights action brought by Plaintiff Michael Chang, pro se, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his rights secured by the Fourteenth Amendment to the United States Constitution. Plaintiff seeks redress for ongoing and past violations of his constitutional rights, including the right to due process, equal protection, and to be free from unlawful seizure of property without notice or hearing. This action is brought against Defendants Township of Little Falls and its officials, all of whom acted under color of state law.

2. Plaintiff's claims arise from a five-year pattern of selective enforcement, harassment, and retaliation by Defendants, which culminated in the unlawful seizure of Plaintiff's property on March 19, 2026. These events are detailed more fully in the factual allegations below.

3. Plaintiff is also a plaintiff in a related action currently pending in the Superior Court of New Jersey, Law Division, Passaic County, captioned Chang v. Township of Little Falls, Docket No.

PAS-L-1497-26 (the "State Court Action"). The State Court Action is ongoing and has not resulted in a final judgment on the merits. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp. , 544 U.S. 280, 292 (2005) ("[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.").

4. This federal action is not an appeal of, or a challenge to, any decision or judgment in the State Court Action. Rather, this is a separate and independent action arising under federal law, seeking remedies that are solely available in the federal forum. To the extent the State Court Action has addressed any related issues, those rulings are interlocutory and not final, and this Court is not being asked to review or overturn them. The Rooker-Feldman doctrine therefore does not bar this action.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391(b) because all Defendants reside in this district, and all events giving rise to Plaintiff's claims occurred in this district.

## II. PARTIES

6. Plaintiff Michael Chang is a resident of Little Falls, Passaic County, New Jersey, and the owner of real property located at 7 Francisco Avenue, Little Falls, NJ 07424.

7. Defendant Township of Little Falls is a municipal corporation organized under the laws of the State of New Jersey. At all relevant times, the Township acted under color of state law.

8. Defendant James Belford Damiano is the Mayor of Little Falls. At all relevant times, he acted under color of state law.

9. Defendant Bryan Prall is the Chief of Police of the Little Falls Police Department. At all relevant times, he acted under color of state law.

10. Defendant Cynthia Kraus is the Township Clerk of Little Falls. At all relevant times, she acted under color of state law.

11. Defendant Donald Warnet is a Code Enforcement Officer for Little Falls. At all relevant times, he acted under color of state law.

12. Defendant James DiMaria is a Zoning Official for Little Falls. At all relevant times, he acted under color of state law.

13. Defendants John Does 1–10 are unknown Township officials who participated in the unlawful conduct described herein.

## III. STATEMENT OF FACTS

### A. The Executive Orders – Defendants Acted During Declared Emergencies

14. On September 1, 2021, Governor Philip D. Murphy issued Executive Order No. 259, declaring a State of Emergency throughout New Jersey due to Tropical Storm Ida. The State of Emergency remained in effect until January 16, 2026 (Exhibit T).
15. Section 9 of Executive Order No. 259 explicitly provided:

"No municipality, county, or any other agency or political subdivision of this State shall enact or enforce any order, rule, regulation, ordinance, or resolution which will or might in any way conflict with any of the provisions of this Order, or which will in any way interfere with or impede the achievement of the purposes of this Order."

16. On January 16, 2026, Governor Murphy terminated the State of Emergency through Executive Order No. 415 (Exhibit U). Plaintiff's January 6, 2026 Notice of Violation was issued while EO-259 was still active – just ten days before the State of Emergency terminated.
17. On February 21, 2026, Governor Sherrill issued Executive Order No. 14, declaring a State of Emergency for a severe winter storm

effective February 22, 2026. On February 25, 2026, Governor Sherrill issued Executive Order No. 15, terminating that State of Emergency (Exhibits DD, EE).

18. President Biden declared New Jersey a major disaster area for Storm Ida under FEMA DR-4614-NJ (Exhibit GG), confirming the catastrophic nature of the event.

19. Executive Orders No. 241 and No. 242 (Exhibits HH, HH-1) governed COVID-19 emergency measures, including mask mandates, during the relevant period.

B. Mayor Damiano's Coordinated Multi-Agency Visit – Trespass, Intimidation, and Harassment *, Threatened.*

20. On or about September 17, 2021, Mayor Damiano arrived at Plaintiff's property with a coordinated multi-agency presence that included: approximately fifteen police officers; multiple fire trucks and fire department personnel; Passaic County Sheriff deputies; and Zoning Official James DiMaria.

21. There was no emergency call. There was no fire. Plaintiff had smoldering leaves in his fire pit – a reasonable cleanup effort following Storm Ida. Plaintiff was not burning an active fire.

22. Clerk Kraus confirmed in an OPRA response that there were no 911 calls for smoke or fire for the relevant period (Exhibits X, X-1). This confirms that the officials' presence was without legal authority.

23. This visit itself was a trespass. Mayor Damiano and the officials entered Plaintiff's property without consent, without a warrant, without an emergency order, and without any legal authority. Under N.J.S.A. 2C:18-3, trespass is a criminal offense. Under common law, it is a civil tort.

24. At that time, EO-241 and EO-242 still required masks in indoor public spaces and workplaces. These officials were on duty, acting in their official capacities – and none of them were wearing masks, further violating executive orders.

25. When Plaintiff reminded Defendants that they were in a State of Emergency declared for the storm, they left. They had no legal authority to be there. Their conduct was intended to intimidate and harass Plaintiff, not to enforce any legitimate law.

C. Multiple Ordinance Violations – A Pattern of Harassment

26. On December 9, 2021, the Township issued Notice of Violation # CVIO-21-00060 for a damaged fence – caused by Storm Ida (Exhibit L).

27. On February 6, 2024, the Township issued a Notice of Violation for "wildlife feeding" signed by Enrico Caruso on Township letterhead. Clerk Kraus confirmed that Caruso is not an employee of the Township of Little Falls (Exhibits M, FF).

28. On January 6, 2026, the Township issued Notice of Violation # CVIO-26-00003 for pallets and patio furniture at the end of Plaintiff's driveway – just ten days before the State of Emergency terminated (Exhibit D).

29. On January 16, 2026 – the very day the State of Emergency ended – Plaintiff spoke to Donald Warnet, who granted him a 30-day extension to abate the violation. The State of Emergency terminated at 5:00 PM that day.

30. All three violations were issued while Executive Order No. 259 was active, in direct violation of Section 9's prohibition on municipal ordinance enforcement.

D. The Illegal Seizure – Trespass and Unlawful Taking

31. On March 19, 2026, Defendants entered Plaintiff's property and seized his belongings without:
 · A warrant;
 · An emergency order (Exhibit G);
 · A court order;
 · A pending municipal court case (Exhibit I);
 · Notice; or
 · Written consent.

32. The entry onto Plaintiff's property was itself a trespass. Under N.J.S.A. 2C:18-3, trespass is a criminal offense. Under common law, it is a civil tort. The seizure of Plaintiff's property was the direct result of this unlawful entry.

33. Defendants had no legal authorization for the seizure. On April 29, 2026, Clerk Kraus responded to Plaintiff's OPRA request stating: "There is no 'emergency order' signed by Sgt. John Moncato Jr. in relation to removal of property at 7 Francisco Ave." (Exhibit G)

34. No municipal court case exists. On April 28, 2026, Municipal Court Administrator Leonor Lopez certified under seal: "We have no violations issued to Michael Chang and/or 7 Francisco Ave... in our system." (Exhibit I)

35. No police records exist. On April 15, 2026, Clerk Kraus certified: "There are no documents responsive to your request for police response/request to the residence regarding DPW property removal." (Exhibit F)

E. The Fraudulent Photograph – Direct Evidence of Bad Faith

36. On April 20, 2026, Clerk Kraus provided Plaintiff with a photograph that Defendants claim represents the condition of Plaintiff's property in January 2026 (Exhibit A). The photograph shows trees in full summer bloom with lush foliage – a physical impossibility in New Jersey in January.

37. Plaintiff's own photograph, taken on April 21, 2026, shows bare winter/early-spring trees and the bright yellow/orange roadway signs that are absent from Defendants' photo (Exhibits B, B-1, B-2).

38. Defendants' photograph is fraudulent and was provided in bad faith to justify unlawful enforcement.

F. The False OPRA Responses – Additional Evidence of Bad Faith

39. On April 15, 2026, Clerk Kraus certified under oath that the surveillance cameras on Francisco Avenue are not Township property and that the Township has no access to them (Exhibit F).

40. On May 4, 2026, the County of Passaic certified that the cameras belong to and are operated by the Township of Little Falls (Exhibit H).

41. One of these sworn statements is false. This is direct evidence of bad faith and willful misconduct.

## G. Chief Prall's Silence – Spoliation of Evidence

42. On April 6, 2026, Plaintiff served an Evidence Preservation Demand on Chief Prall, requesting preservation of surveillance footage, ALPR logs, and body-worn camera recordings (Exhibit BB).

43. On April 20, 2026, Plaintiff served a Notice of Deemed Denial on Chief Prall after he failed to respond (Exhibit CC).

44. Chief Prall has never responded. His silence constitutes spoliation of evidence and bad faith. The surveillance cameras facing Plaintiff's home captured the Township's agents entering his property and taking his belongings. This footage is critical evidence of trespass, unlawful seizure, and the identity of the officials involved.

## H. The Selective Enforcement – The Neighbor's Fence

45. On November 7, 2022, Zoning Official James DiMaria issued Zoning Permit ZP-22-00126 to Plaintiff's neighbor, Divya Kaveria, for a fence at 6 Reiners Road. The permit was issued for a fence located in a FEMA flood zone and a runoff overflow zone – areas where permanent fencing is prohibited or strictly regulated (Exhibit O).

46. The permit required a breakaway fence with "low tensile strength string that will easily break away during a flood event."

47. What was actually built:
   · No breakaway string is present;
   · The fence is geared towards the bottom, deliberately obstructing the floodway;
   · A brace made of 2x6 wood has been installed, creating a permanent structure;

· Nails are poking out everywhere, in violation of the permit's attachment requirements;

· Cedar shingles have been nailed to the top of the fence;

· The fence is constructed of wood posts with cement deep into the ground, making the fence permanent – not steel posts as permitted (Exhibit W).

48. On August 4, 2023, Donald Warnet conducted a final inspection and passed the fence – despite the fact that the fence as built does not comply with the permit (Exhibit P).

49. On February 7, 2024, the Township issued a Notice of Violation to the neighbor admitting that the fence contained "staples and nails" instead of the required string (Exhibit Q). Yet Defendants took no enforcement action. The fence still stands.

I. Lost Records and Spoliation of Evidence

50. Clerk Kraus admitted that the Township's IT Department could not locate requested emails from Mayor Damiano, and Plaintiff Michael Chang, and that the Township had changed its website, resulting in lost records (Exhibit J).

51. The Township's loss of these records – while Plaintiff has preserved them – demonstrates bad faith and spoliation.

H. The Selective Enforcement – The Neighbor's Fence

45. On November 7, 2022, Zoning Official James DiMaria issued Zoning Permit ZP-22-00126 to Plaintiff's neighbor, Divya Kaveria, for a fence at 6 Reiners Road. The permit was issued for a fence located in a FEMA flood zone and a runoff overflow zone – areas where permanent fencing is prohibited or strictly regulated (Exhibit O).

46. The permit required a breakaway fence with "low tensile strength string that will easily break away during a flood event."

47. What was actually built:

· No breakaway string is present;

· The fence is geared towards the bottom, deliberately obstructing the floodway;

· A brace made of 2x6 wood has been installed, creating a permanent structure;

· Nails are poking out everywhere, in violation of the permit's attachment requirements;

· Cedar shingles have been nailed to the top of the fence;

· The fence is constructed of wood posts with cement deep into the ground, making the fence permanent – not steel posts as permitted (Exhibit W).

48. On August 4, 2023, Donald Warnet conducted a final inspection and passed the fence – despite the fact that the fence as built does not comply with the permit (Exhibit P).

49. On February 7, 2024, the Township issued a Notice of Violation to the neighbor admitting that the fence contained "staples and nails" instead of the required string (Exhibit Q). Yet Defendants took no enforcement action. The fence still stands.

I. Lost Records and Spoliation of Evidence

50. Clerk Kraus admitted that the Township's IT Department could not locate requested emails from Mayor Damiano, and Plaintiff Michael Chang, and that the Township had changed its website, resulting in lost records (Exhibit J).

51. The Township's loss of these records – while Plaintiff has preserved them – demonstrates bad faith and spoliation.

J. The Qual-Lynx Denial – No Administrative Remedy

52. On April 6, 2026, Plaintiff filed a Tort Claim Notice with the Township.

53. On April 10, 2026, Qual-Lynx, the Township's claims administrator, denied Plaintiff's claim and asserted blanket immunity under N.J.S.A. 59:3-3, 59:2-3, and 59:3-2 (Exhibit Z).

54. If Defendants are immune from money damages (as they claim), then the only relief available to Plaintiff is equitable – an

injunction to stop the ongoing pattern of harassment and selective enforcement.

---

## IV. MUNICIPAL LIABILITY – Monell Claim

55. Defendants Township of Little Falls acted under an official policy or custom that was the moving force behind the constitutional violations described herein.
56. Plaintiff's constitutional injuries were caused by:
   a. A formal policy or custom of selective enforcement, harassment, and retaliation against Plaintiff;
   b. A widespread practice of issuing meritless code violations without legal authority, using fraudulent evidence, and providing false OPRA responses; and
   c. A failure to train, supervise, or discipline municipal employees who engaged in willful misconduct and bad faith.
57. The Township's pattern of conduct was so persistent and widespread that it constituted the government's standard operating procedure.
58. The Township had actual or constructive knowledge of the misconduct and deliberately failed to act to prevent further constitutional violations.

## V. CLAIMS FOR RELIEF

### COUNT ONE: Unlawful Seizure of Property – 42 U.S.C. § 1983

(Against all Defendants)

59. Plaintiff realleges paragraphs 1–58.
60. Defendants, acting under color of state law, seized Plaintiff's property on March 19, 2026, without a warrant, emergency order, court order, notice, or hearing, in violation of the Fourteenth Amendment Due Process Clause and the Fourth Amendment.

61. The seizure was arbitrary, unreasonable, and without legal authority.

COUNT TWO: Due Process Violation − 42 U.S.C. § 1983

(Against all Defendants)

62. Plaintiff realleges paragraphs 1−61.
63. Defendants deprived Plaintiff of property without notice or an opportunity to be heard, in violation of the Fourteenth Amendment Due Process Clause.
64. Defendants' actions were taken under color of state law.

COUNT THREE: Selective Enforcement / Equal Protection − 42 U.S.C. § 1983

(Against Township, Damiano, Kraus, Warnet, DiMaria)

65. Plaintiff realleges paragraphs 1−64.
66. Defendants intentionally treated Plaintiff differently from similarly situated individuals (his neighbor), without a rational basis, in violation of the Equal Protection Clause of the Fourteenth Amendment.
67. Defendants issued multiple violations against Plaintiff while ignoring the neighbor's permit violations and illegal fence construction.

COUNT FOUR: Retaliation − 42 U.S.C. § 1983

(Against Township, Damiano, Prall, Kraus)

68. Plaintiff realleges paragraphs 1−67.
69. Defendants retaliated against Plaintiff for exercising his rights under the Open Public Records Act (OPRA) and for complaining about the Township's conduct.

70. The retaliation included: issuing multiple code violations, providing false OPRA responses, ignoring preservation demands, and seizing Plaintiff's property.

COUNT FIVE: Conspiracy – 42 U.S.C. § 1983

(Against all Defendants)

71. Plaintiff realleges paragraphs 1–70.
72. Defendants conspired to deprive Plaintiff of his constitutional rights by coordinating enforcement actions, providing false information, and destroying records.

COUNT SIX: Municipal Liability – Monell

(Against Township of Little Falls)

73. Plaintiff realleges paragraphs 1–72.
74. The Township's official policy, custom, or practice of selective enforcement, harassment, and retaliation was the moving force behind the constitutional violations.
75. The Township failed to train, supervise, or discipline its employees, demonstrating deliberate indifference to Plaintiff's constitutional rights.

COUNT SEVEN: New Jersey Civil Rights Act (NJCRA) – N.J.S.A. 10:6-1 et seq.

(Against all Defendants)

76. Plaintiff realleges paragraphs 1–75.
77. Defendants' conduct violated the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq., which is modeled after and construed analogously to 42 U.S.C. § 1983.
78. The NJCRA provides a private right of action for deprivation of constitutional rights. Defendants are liable under the same

standards as § 1983.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Equitable Relief:

1. Issue a preliminary and permanent injunction enjoining Defendants from:
 · Further selective enforcement, harassment, and retaliation against Plaintiff;
 · Issuing code violations without legal authority;
 · Entering Plaintiff's property without a warrant, emergency order, or court order;
 · Destroying or failing to preserve surveillance footage, body-worn camera recordings, and other evidence;
 · Retaliating against Plaintiff for exercising his constitutional rights;
2. Issue a mandatory injunction requiring Defendants to:
 · Preserve all surveillance footage, body-worn camera recordings, ALPR data, emails, and records related to 7 Francisco Avenue and the March 19, 2026 seizure;
 · Produce the preserved footage and records within 14 days of this Court's order;
3. Issue a declaratory judgment that Defendants violated Plaintiff's constitutional rights.

B. Monetary Relief:

4. Award Plaintiff compensatory damages for the unlawful seizure of his property, emotional distress, and other harm;
5. Award Plaintiff punitive damages against individual Defendants for their willful, malicious, and reckless conduct;
6. Award Plaintiff liquidated damages of not less than $1,000 under N.J.S.A. 2A:84A-21.11;

7. Award Plaintiff reasonable attorney's fees and costs under 42 U.S.C. § 1988;

C. Other Relief:

8. Grant such other and further relief as this Court deems just and equitable.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

---

Dated: _July 13_____, 2026

---

MICHAEL CHANG, Pro Se
7 Francisco Avenue
Little Falls, New Jersey 07424
(973) 317-4746
changjr1964@gmail.com

# Exhibit List

## -- EXHIBIT COVER SHEET

MICHAEL CHANG,
Plaintiff, Pro Se,

A Township Photo (No Timestamp) – fraudulent, summer foliage

B + (B-1, B-2) Plaintiff's Photos / Signs – bare trees, yellow signs, metadata

C Campbell Email / Signs – DPW removed stop signs 4/16/25; light operational 4/28/25

D Notice of Violation (Warnet) – 1/6/26 (pallets/furniture)

E Notification of Abatement (Warnet) – 3/23/26 (case closed)

F No Police Response for Property Removal / Kraus Denial of Cameras Belonging to Little Falls (4/15/26)

G NO EMERGENCY ORDER / MONCATO – 4/29/26

H Passaic County Response – Ownership of Cameras (5/4/26)

I Court / Lopez – No Violations (4/28/26)

J Mayor's Emails (9/17/21, 12/23/21) – includes lost emails / lost notices (website upgrade)

L Notice of Violation – Fence / DiMaria (12/9/21) with Dated Envelope

M Notice of Violation – 7 Francisco Ave. / Caruso (2/6/24) with Dated Envelope

N Fence Complaint / Flood Zone / DiMaria (email chain)

O Zoning Permit (ZP-22-00126) – neighbor's permit

P Warnet – Passed Fence Inspection (8/4/23)

Q Notice of Violation – Neighbor (staples/nails) (2/7/24)

R Attorney Response (Duffy's Opposition – 6/24/26)

S Stipulation Bearing Plaintiff's Signature (5/26/26)

T Executive Order No. 259 (Storm Ida SOE – 9/1/21)

U Executive Order No. 415 (Storm Ida SOE termination – 1/16/26)

V Photo – Items Left Behind After Seizure (3/21/26)

W Permanent Structured Fence – Photos (neighbor's fence)

X OPRA Request (4/1/25) – Emergency Calls to 7 Francisco Ave

X-1 Confirmation – No Emergency Calls (Kraus 4/8/25)

Y Full Violation History – 7 Francisco Ave (OPRA request 4/27/26)

Z Tort Claim / QUAL-LYNX Response (4/10/26)

BB Request to Prall – No Response (4/6/26)

CC Deemed Denial – Prall (4/20/26)

DD Executive Order No. 14 (Winter Storm SOE – 2/21/26)

EE Executive Order No. 15 (Winter Storm SOE termination – 2/25/26)

FF OPRA Response from Kraus (4/27/26) – Caruso is not an employee of Little Falls

GG FEMA Disaster Declaration 4614-DR-NJ (Storm Ida)

HH Executive Order No. 241 (COVID-19 emergency)

HH-1 Executive Order No. 242 (COVID-19 emergency)